IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BBCM, INC., and BBSW, LLC, | ) |
| Plaintiffs, | ) |
| v. | ) C 10-86 EJM |
| | ) ORDER |
| HEALTH SYSTEMS INTERNATIONAL, LLC, | ) |
| Defendant. | ) |

This matter is before the court on defendant's resisted Motion to Compel Arbitration and Stay Proceedings, filed September 20, 2010, and the Magistrate Judge's[1] Report and Recommendation thereon, filed November 4, 2010. Report and Recommendation adopted. Motion to Compel Arbitration and Stay Proceedings denied.

Plaintiffs BBCM Inc., an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, and BBSW, LLC, an Iowa limited liability company with its principal place of business in Osceola, Iowa, bring this action against defendant Health Systems International, LLC, an Indiana limited liability company with its principal place of business in Indianapolis, Indiana, seeking redress for claimed breaches of a business purchase agreement. Plaintiffs seek

---

1. The Honorable Jon S. Scoles, US Magistrate Judge.

1

damages and equitable relief in three counts: breach of contract (Count 1), promissory estoppel (Count 2), and breach of the implied covenant of good faith and fair dealing (Count 3). The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

On September 20, 2010, defendant filed a resisted motion to compel arbitration and stay proceedings. Following briefing thereon, the Magistrate Judge entered a Report and Recommendation, recommending denial of the motion.

Defendant objects to the Report and Recommendation, urging that the Magistrate Judge (1) erroneously limited the accountant remedy procedures to a narrower category of issues than "any objections to the calculation of EBITDA[2]" as set forth in the purchase agreement, (2) erred in failing to address plaintiffs' initial characterization of their allegations as appropriate for the determination of EBITDA, (3) erred in failing to find that legal relief is unavailable until the accountant remedy is exhausted, and (4) erred in failing to recognize that plaintiffs are prematurely seeking an earnout payout while circumventing the accountant remedy, so as to increase the calculation of EBITDA and augment the earnout payout.

---

2. "EBITDA" is an acronym for earnings before interest, taxes, depreciation and amortization, excluding extraordinary items of gain or loss, and is used in determining periodic "earnout" payments, which represent part of the purchase price of the business.

2

The Magistrate Judge set forth the nature of this matter in his Report and Recommendation, and no further elaboration is required here. Upon denovo review, FRCP 72(b), 29 USC §636(b)(1), for the reasons set forth in his thorough Report and Recommendation, it is the court's view that the Magistrate Judge did not err in finding that plaintiffs' claims fell outside the scope of the accountant remedy. The court finds no merit in defendant's assertion that the Magistrate Judge "rewrote" the provisions of the purchase agreement by making reference to accounting techniques in the calculation of profitability.

The court further finds no merit in defendant's second contention that the Magistrate Judge erred in failing to address the manner in which plaintiffs characterized their concerns in various communications to defendant, prior to plaintiffs' bringing this action. While defendant urges that plaintiffs themselves thereby demonstrated their own belief that the accountant remedy was appropriate for resolution of their claims, plaintiffs are the master of their claims in this action, and the Magistrate Judge did not err in the scope of his review of plaintiffs' pre-litigation characterization of concerns.

Defendants next urge that the Magistrate Judge erroneously failed to find that legal relief cannot be available until the accountant remedy is exhausted. It is the court's view that the Magistrate Judge having found plaintiffs' claims outside the scope of the accountant remedy for the reasons set forth in his decision, this objection is without merit.

Finally, defendants assert that the Magistrate Judge erred in not recognizing that plaintiffs are attempting to prematurely receive payment of an earnout amount while circumventing the accountant remedy, in an attempt to increase the calculation of profits and thereby augment the earnout amount payable. It is the court's view that this assertion does not bear upon the matter before the court of the applicability of the accountant remedy, and in turn the matter of arbitration, and accordingly, the Magistrate Judge did not err on this point.

It is therefore

ORDERED

Report and Recommendation adopted. Motion to Compel Arbitration and Stay Proceedings denied.

December 23, 2010.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT