# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BBCM, INC. and BBSW, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> HEALTH SYSTEMS INTERNATIONAL, LLC, <br><br> Defendant. | No. C10-0086 |
| HEALTH SYSTEMS INTERNATIONAL, LLC, <br><br> Plaintiff <br><br> vs. <br><br> KATHLEEN A. BASS, <br><br> Defendant. | No. C10-0137 <br><br> REPORT AND RECOMMENDATION |

On the 3rd day of May 2011, these matters came on for hearing on the Motion to Consolidate filed on March 9, 2011. BBCM, Inc., BBSW, LLC, and Kathleen A. Bass were represented by attorneys Mark A. Zaiger and Richard C. Garberson. Health Systems International, LLC was represented by attorneys Kevin H. Collins and Michael A. Wukmer.

## *PROCEDURAL HISTORY*

On June 30, 2010, BBCM, Inc. and BBSW, LLC (collectively "BBCM") filed a complaint against Health Systems International, LLC ("HSI"). The facts underlying the action are described by the Court in its Report and Recommendation (docket number 18) filed on November 4, 2010, and will not be repeated here. In short, BBCM claims that

it is entitled to additional payments from HSI pursuant to an asset purchase agreement entered into between the parties.

On October 8, 2010, HSI filed a petition in the Iowa District Court for Linn County, claiming damages against Kathleen A. Bass for breach of an employment agreement. Bass owns 55% of BBCM.[1] The employment agreement, which was attached as an exhibit to HSI's petition, refers specifically to the asset purchase agreement and provided that it became effective upon HSI's acquisition of BBCM's assets.

On February 15, 2011, the Court adopted proposed Scheduling Orders submitted by the parties in both cases. The pretrial deadlines agreed to by the parties for adding parties, amending the pleadings, disclosing expert witnesses, completing discovery, and filing dispositive motions, are identical. The trial ready date in each case is August 20, 2012. Both cases are assigned to Judge Edward J. McManus, to be tried without a jury.

## *RELEVANT FACTS*

Briefly stated, the underlying facts are these: Kathleen Bass and Kevin Babb owned a medical case management business. In April 2008, that business was sold to HSI pursuant to an asset purchase agreement. The agreement provided for a cash payment at the closing and "earnout" payments based on profitability over a four-year period following the transaction. In its lawsuit, BBCM claims that it is owed additional earnout payments. Among other things, BBCM asserts that HSI took certain actions and engaged in operational changes which resulted in a reduction of earnings.

As part of the transaction, Bass became employed by HSI pursuant to an employment agreement. In its lawsuit, HSI claims that Bass breached her employment agreement by "secretly" rehiring her daughter and by launching a "secret side business."

---

[1] The other 45% of BBCM is owned by Kevin W. Babb. HSI sued Babb in the United States District Court for the Southern District of Indiana, but that case was recently transferred to the Northern District of Iowa. *See Health Systems International, LLC v. Kevin W. Babb*, No. 1:11-cv-00039-EJM (N.D. Iowa).

2

## DISCUSSION

BBCM and Bass ask that the cases be consolidated, arguing that they involve common issues of fact and law. The movants assert that "[f]ailure to consolidate will result in a waste of judicial resources." For its part, HSI finds it "difficult to imagine" why the movants believe there is "a shred of benefit" to joining these cases. According to HSI, "it would be an abuse of discretion for this Court to force the merger of the two of them."

FEDERAL RULE OF CIVIL PROCEDURE 42(a) permits the Court to consolidate actions involving common questions of law or fact. HSI asserts that there are no common questions of law or fact, but concedes that "some of the discovery could be consolidated."

Clearly, there are common questions of fact. In its case, HSI asserts that Bass failed to perform in HSI's best interests, creating "a financial windfall for her and her family."[2] Specifically, HSI asserts that "Defendant did not perform her duties to HSI in a diligent, trustworthy, businesslike and efficient manner."[3] On the other hand, BBCM asserts in its case that HSI changed the manner in which the acquired business was operated, thereby reducing its profitability. At the time of trial on BBCM's claim, it will be necessary for the parties to submit detailed evidence to the finder of fact regarding the nature of BBCM's business, the asset purchase agreement, and the operation of the business after the transaction. The business relationships between BBCM, HSI, and Bass will undoubtedly be explored, including, perhaps, Bass' performance while employed by HSI following the transaction. Similarly, on the trial of HSI's claims that Bass breached the employment agreement, it will be necessary to introduce evidence regarding the underlying transaction. That is, a portion of the testimony at the two trials would undoubtedly overlap.[4]

---

[2] *See* Petition (docket number 2), ¶ 28 at 6.

[3] *Id.*

[4] HSI estimates that only 2% of the evidence will be duplicative.

3

HSI is a party to both actions. Bass is the majority shareholder in BBCM. The parties are represented by the same lawyers. The cases are assigned to the same judge. By agreement of the parties, the same pretrial deadlines apply to both cases. The trial ready date in both cases is identical. The asset purchase agreement, which is the basis of the first case, and the employment agreement, which is the basis of the second case, arise from the same transaction. At least some of the discovery will overlap. The cases will be tried to the Court, rather than a jury, and therefore any concern regarding possible confusion by the trier-of-fact is minimized. The only "downside" cited by HSI is a belief that a consolidated trial will result in a "very messy record" for appeal. I believe that for purposes of judicial economy and efficiency, these cases should be consolidated for pretrial and trial purposes. *See Blood v. Givaudan Flavors Corp.*, 2009 WL 982022 (N.D. Iowa).

## *RECOMMENDATION*

For the reasons set forth above, I respectfully **RECOMMEND** that the Motion to Consolidate (docket number 29 in 1:10-cv-00086-EJM and docket number 19 in 1:10-cv-00137-EJM) be **GRANTED**.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on May 3, 2011.*

DATED this 10th day of May, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

4